IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| TOUNI GHAMELIAN, | * |
| Petitioner, | * |
| v. | * Civil Case No.: SAG-25-02106 |
| NIKITA BAKER, *et al.*, | * |
| Respondents. | * |

\* \* \* \* \* \* \* \* \* \*

### MEMORANDUM & ORDER

Petitioner Touni Ghamelian filed a motion to reconsider this Court's July 22, 2025 Order dismissing this case, ECF 19. ECF 20. In that Order and the accompanying Memorandum Opinion, this Court dismissed Petitioner's Amended Petition for Writ of Habeas Corpus without prejudice to Petitioner's refiling of a later petition for the same or similar relief. ECF 18, 19. The Court also vacated its order, ECF 16, administratively staying Petitioner's removal from the United States to permit this Court's adjudication of the Petition. *Id*. After Petitioner filed the present motion, the Court amended its Order to stay the vacatur of its stay of removal for one week to allow Petitioner to appeal the dismissal of the Amended Petition. ECF 21.

In his motion to reconsider, Petitioner makes three requests. First, he requests that "this Court amend its order dismissing the case and instead transfer it to the U.S. District Court for the District of Massachusetts." ECF 20 at 1. Second, Petitioner requests this Court to "stay Petitioner's removal to any county not designated in Petitioner's removal order (i.e., a 'third country') pending further disposition by U.S. District Court for the District of Massachusetts." *Id*. Finally, Petitioner requests "an order staying his removal to a 'third country' pending the Court's adjudication" of the motion to reconsider. *Id*.

The Petition was appropriately filed in this Court, *see* ECF 18 n.2, and this Court's July 22, 2025 Opinion and Order addressed Petitioner's request for a stay of removal to Iran pending reopening of immigration proceedings, Petitioner's claims for habeas relief, namely the legality of his detention pursuant to 8 U.S.C. § 1231(a)(6), and Petitioner's claims regarding violations of 8 C.F.R. § 241.4(l). ECF 18. This Court declined to address Petitioner's challenge of removal to any "third country" not listed in his order of removal, finding that to the extent the government seeks to remove Petitioner to such a "third country," he would be an absent class member of the class certified in *D.V.D. v. U.S. Department of Homeland Security*, Civ. No. 25-10676 (D. Mass.). ECF 18 at 4-5; *see D.V.D.*, 2025 WL 1142968, at *11, 25 (D. Mass. Apr. 18, 2025).

Petitioner's motion to reconsider "seeks nothing more than the opportunity to have his claims heard by the District of Massachusetts" in the *D.V.D.* litigation and thus requests that "this Court amend its order to transfer his case to the U.S. District Court for the District of Massachusetts, and stay his removal to a 'third country' pending further disposition from that Court." ECF 20 at 2, 3. This Court must deny Petitioner's requests. Petitioner's final removal order designated his removal to Spain, and alternatively to Iran. ECF 20 n.1; ECF 10-3. Thus, should Petitioner be removed to Spain or Iran, he would not be a member of the *D.V.D.* class. ECF 18 at 5 n.4; *D.V.D.*, 2025 WL 1142968, at *11, 25. As he has never been detained in Massachusetts, that district would not be a proper venue for his habeas proceedings. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("[F]or core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."). However, if Petitioner is ordered removed to a country not designated in his original removal order, *i.e.*, a country other than Spain or Iran, Petitioner would become an absent *D.V.D.* class member. Petitioner's claims relating to the designation of and proper process surrounding removal to such a "third country" do not sound

in habeas, are not properly before this Court, and, to the extent Petitioner qualifies for membership in the *D.V.D.* class, a transfer of his habeas claims to the District of Massachusetts is not required.[1] *See I.V.I. v. Baker*, No. JKB-25-1572, ECF 9 at 1-2 (May 21, 2025); *id.*, ECF 17 at 2-4. And all of Petitioner's claims, other than the claims relating to potential removal to a "third country," have been addressed in this Court. ECF 18, 19.

This Court amended its July 22, 2025 Order to stay the vacatur of its stay of removal for one week to allow Petitioner to appeal the dismissal of the Amended Petition. ECF 21. At this juncture, any additional stay of removal, including Petitioner's request to stay his removal to a "third country" pending further disposition from the District of Massachusetts, extends beyond this Court's jurisdiction and is a matter to be addressed in the context of the Massachusetts case. *See D.V.D.*, 145 S. Ct. 2153(Mem.) (June 23, 2025) (staying preliminary injunction that prevented the government from removing noncitizens to a third county without due process); *id.*, --- S. Ct. ---, 2025 WL 1832186 (July 3, 2025) (holding that preliminary injunction had been stayed in full and district court could not enforce injunction by issuing a remedial order).

Accordingly, Petitioner's motion to reconsider, ECF 20, is DENIED.

Dated: July 23, 2025

                                          /s/
                              Stephanie A. Gallagher
                              United States District Judge

---

[1] Petitioner's citation to *Phan v. U.S. Dep't of State*, 25-cv.-2147-RDM (D.D.C.), is unavailing. That case dealt with separate substantive due process claims involving the same individuals who were the subject of the Supreme Court's order in *D.V.D.*, --- S. Ct. ---, 2025 WL 1832186 (July 3, 2025). Judge Moss determined the claims of *Phan* petitioners, who were also absent *D.V.D.* class members, related to their pending claims already addressed in the *D.V.D.* litigation and thus transfer to the District of Massachusetts was appropriate. 25-cv.-2147-RDM, Minute Order (D.D.C. July 4, 2025).